UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV651-J

LARRY D. DEMPLEY                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
     Commissioner of Social Security                            DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Larry Dempley ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On March 29, 2007, Claimant filed application for disability insurance benefits and supplemental security income. After a hearing, Administrative Law Judge Don C. Paris ("ALJ") determined that claimant's degenerative disc disease of the cervical spine, obesity, and degenerative disc disease of the lumbar spine with chronic low back pain, status-post lumbar fusion x 2 and diskectomy x2, were severe impairments that prevented him from performing any of his past relevant work. The ALJ further found that he retained the residual functional capacity for jobs existing in significant numbers. This became the final decision of the Defendant on all applications when the Appeals Council denied review on July 31, 2009.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred by failing to consult with a medical advisor regarding Listing 1.04,[1] contending that Social Security Ruling 96-6p requires an updated medical opinion where additional medical evidence is received that could modify the State agency consultant's opinion that a Listing was not met. Defendant points to the qualifier contained in SSR 96-6p, i.e., that additional medical opinion is to be sought when *in the opinion of the ALJ* the additional medical evidence might change the consultant's determination.

Accordingly, the issue presented to this Court is whether there is substantial evidence to support the ALJ's opinion that the additional medical evidence might change the prior determination. While plaintiff correctly notes that he had treatment, including surgery, following the December 11, 2007 consultant's opinion, the mere fact of further treatment is insufficient to

---

[1] The impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations are often referred to as "the Listings."

trigger an obligation to obtain a new medical expert opinion. In this case, there is substantial evidence to support the ALJ's determination that the additional medical treatment and records would not have changed the prior determination, because they indicated overall improvement. On June 26, 2008, the Spine Institute note records "He comes in today still have some soreness and pain, but he is making steady progress.... Things look to be fine." Tr. 389. Plaintiff testified at the hearing that the surgeries had resulted in "quite a bit" of improvement. Tr. 38. The Court finds no error.

Plaintiff next argues that the ALJ's residual functional capacity determination is not supported by substantial evidence. Residual functional capacity (RFC) is an assessment of a claimant's remaining capacity for work once his limitations have been taken into account. Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992).

In assessment RFC in this case, the ALJ relied in part on the opinions of Dr. Vandivier, Dr. Baez-Garcia and Dr. Irlandez, who opined explicitly about the effects of Mr. Dempley's physical and psychological impairments. Plaintiff contends that the opinions of the consultant physicians lack substantial support. In fact, these doctors formed their opinions after examining the medical records, and the bases for the opinions are set out in the notes. For example, Dr. Irlandez cited Dr. Hamilton's examination and plaintiff's medical records; Dr. Baez-Garcia considered the effects of plaintiff's then-recent back surgery. These opinions are supported by the physicians' review of the entire record. Mr. Dempley's argument overlooks the fact that it is the claimant who bears the burden or proof in establishing his or her RFC. Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999). The ultimate question is not whether a consultant physician points to sufficient evidence

3

to support her or his conclusions, but whether the *plaintiff* points to sufficient evidence to contradict those conclusions. In this case, the ALJ identified substantial evidence in support of his RFC determination, and the Court finds no error.

Plaintiff next argues that the ALJ erred in failing to consider the medical evidence received after the consultant evaluations. Plaintiff notes that the ALJ found him capable of overhead work, notwithstanding the fact that at the time of the hearing, the prognosis following his very recent cervical surgery was not yet known. However, the medical records dated June of 2008 and November of 2008 noted no significant pain, "steady progress," and "doing very well." Tr. 342, 389, 416. The record fails to support the argument that plaintiff had severe post-surgical cervical restriction. Plaintiff also complains that the consultant physicians did not have available to them his complaints of spine and radiating pain after his second lumbar surgery (Tr. 430), and indications of problems with plaintiff's left knee (Tr. 232). Nonetheless, he testified at the hearing that he was satisfied with the results of all of his surgeries, that he had good results from his pain medications, and that his knee did not need surgery. Tr. 37, 38, 49. The Court finds no error.

Plaintiff next argues that the ALJ erred in evaluating witness credibility. It is well-established that resolving conflicts in the evidence and deciding questions of credibility are matters within the province of the ALJ. Wright v. Massanari, 321 F.3d 611 (6th Cir. 2003). SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

4

20 C.F.R. § 404.1529© describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;
3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

The ALJ carefully examined Mr. Dempley's subjective complaints, his activities of daily living, the nature of his medical treatment, the absence of significant restrictions imposed by physicians, his testimony indicating the degree of improvement in his symptoms following his surgeries, as well as the ALJ's observation of Mr. Dempley's testimonial demeanor. The ALJ pointed specifically to the conservative post-surgical treatment, and Mr. Dempley's admission that his pain and numbness are largely gone. Regardless of whether the undersigned might have reached a different credibility determination, it appears that the ALJ followed the requirements of the law and that his findings are supported by substantial evidence and may not be disturbed.

Finally, plaintiff contends that the ALJ did not follow the requirements of the law in evaluating the effects of obesity. However, the Court believes that plaintiff may be overlooking the distinction between an impairment (established by medical evidence) and the functional limitations

imposed by that impairment. Establishing an impairment does not establish disability, and the point at which obesity is most relevant is in determining specific functional limitations. The ALJ in this case did explicitly observe that obesity can contribute to musculoskeletal impairment and recognized that obesity could play a role in exacerbating the effects of plaintiff's other impairments. By contrast, the plaintiff failed to point to any obesity effect that was *not* considered.

      An order in conformity has this day entered.